IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

TYRE T. WATKINS, #184 333              *

    Plaintiff,                               *

    v.                                       *       2:10-CV-470-TMH
                                                    (WO)
EASTERLING CORRECTIONAL          *
FACILITY, *et al.*,
                                             *
    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, is currently confined at the Easterling Correctional Facility located in Clio, Alabama. In this 42 U.S.C. § 1983 action he complains about events which occurred on March 24, 2010. Specifically, Plaintiff alleges that he filled out two § 1983 forms and sent them to the business office but asserts that the forms were never returned to him. Plaintiff names the Easterling Correctional Facility and Warden Louis Boyd as defendants. Upon consideration of the complaint, the court concludes that its dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

### A. The Easterling Correctional Facility

The Easterling Correctional Facility is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's complaint against the Easterling Correctional Facility is due to be dismissed. *Id.*

### B. Warden Boyd

Plaintiff makes no specific allegations against Defendant Boyd in the complaint. To the extent Plaintiff names the Warden as a defendant on the basis of *respondeat superior*, he is entitled to no relief. The doctrine of *respondeat superior* does not apply to actions under 42 U.S.C. §1983 absent proof of actual personal involvement in the alleged wrongdoing. *See Monell v. New York Dept. of Social Services*, 436 U. S. 658, 691 (1978); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994).

### C. The Property Claim

Plaintiff complains that property he sent to the business office was never returned to him. Even if Plaintiff had named the individual responsible for this alleged wrongdoing, his complaint would still be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's claim regarding his property, at best, shows only a lack of due care by prison officials which is not actionable under 42 U.S.C. § 1983. The protections of the Constitution "are just not

triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333 (1986).

## II. CONCLUSION

Based on the foregoing, the court concludes that the actions about which Plaintiff complains with regard to his property do not rise to the level of a constitutional violation and, therefore, provide no basis for relief in this 42 U.S.C. § 1983 action. Plaintiff's complaint is, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before **September 2, 2010** the parties shall file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of August, 2010.

                                      /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE